FILED

2016 Mar-07  AM 10:09
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| SHAWNA STEWART, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:15-cv-01863-CLS |
| | ) | |
| C.G. BRETTING | ) | |
| MANUFACTURING COMPANY, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Shawna Stewart, commenced this action against defendants, C.G. Bretting Manufacturing Company, Inc., Echo Industrial, Inc., Fabio Perini North America, Inc., Keenline, Inc., Pack Air, Inc., and Rockwell Automation, Inc., in the Circuit Court of Colbert County, Alabama, on September 18, 2015.[1]  The action was removed to this court on October 23, 2015, on the basis of complete diversity of citizenship and satisfaction of the requisite amount in controversy.[2]  *See* 28 U.S.C. §§

---

[1] *See* doc. no. 1-1 (Complaint), at ECF 1.  "ECF is the acronym for Electronic Case Filing, a filing system that allows parties to file and serve documents electronically."  *Atterbury v. Foulk*, No. C-07-6256 MHP, 2009 WL 4723547, *6 n.6 (N.D. Cal. Dec. 8, 2009).  Bluebook Rule 7.1.4 allows citation to "page numbers generated by the ECF header."  *Wilson v. Fullwood*, 772 F. Supp. 2d 246, 257 n.5 (D.D.C. 2011) (citing The Bluebook: A Uniform System of Citation R. B. 7.1.4, at 21 (Columbia Law Review Ass'n *et al.* Eds., 19th ed. 2010)).  Even so, the Bluebook recommends "against citation to ECF pagination in lieu of original pagination."  *Wilson*, 772 F. Supp. 2d at 257 n.5.  Thus, unless stated otherwise, this court will cite to the original pagination in the parties' pleadings.  When the court cites to pagination generated by the ECF header, it will, as here, precede the page number with the letters "ECF."

[2] *See* doc. no. 1 (Notice of Removal), at 2.

1332(a)(1), (c)(1); 28 U.S.C. § 1441(b).  Plaintiff sustained injuries when a machine at the factory at which she worked "suddenly started," and her hand became trapped inside the machine.[3]   As a result of her injuries, plaintiff was paid workers' compensation benefits by her employer.[4]

The case currently is before the court on the "Petition for Intervention" filed by SCA Tissue North America, L.L.C. ("SCA"), plaintiff's employer, and The Phoenix Insurance Company ("Phoenix"), the workers' compensation fund for plaintiff's employer.[5]   Upon consideration, the court finds that the Petition for Intervention should be granted.

On the date that plaintiff sustained her injuries, she was employed by SCA. Following her injury, plaintiff filed a workers' compensation claim, which was paid by Phoenix.  SCA and Phoenix seek intervention in this action in order to pursue reimbursement for the workers' compensation payments made to plaintiff.  No party filed a response in opposition to the Petition for Intervention within the 10-day period allotted by the court.[6]

Federal Rule of Civil Procedure 24 provides as follows:

**(a) Intervention of Right.**  On timely motion, the court must permit anyone to intervene who:

---

[3] *Id.* at ECF 11.

[4] *See* doc. no. 33 (Petition for Intervention), at ECF 2.

[5] *See id.*

[6] *See* doc. no. 34 (Feb. 2, 2016 Order Setting Motion Deadline for Petition for Intervention).

> **(1)** is given an unconditional right to intervene by a federal statute; or
>
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(1)-(2).

A party may seek permissive intervention where it either: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(A)-(B).

SCA and Phoenix request conditional intervention, for the purpose of allowing their counsel "to actively participate in the third-party action to prevent common fund fees being paid to counsel for the plaintiff,"[7] but they do not specify whether they seek intervention as a matter of right under Rule 24(a), or permissive intervention under Rule 24(b).  As there is no apparent basis for permissive intervention under Rule 24(b), the court will assess the petition under Rule 24(a).

It is not contended that a federal statute gives SCA or Phoenix the right to intervene.  Section 25-5-11 of the Code of Alabama, however, discusses the right of such entities to assert a subrogation lien for workers' compensation benefits paid to

---

[7] Doc. no. 33 (Petition for Intervention), at ECF 2.

an employee:

> If the injured employee, or in case of death, his or her dependents, recovers damages against the other party, the amount of the damages recovered and collected shall be credited upon the liability of the employer for compensation. If the damages recovered and collected are in excess of the compensation payable under this chapter, there shall be no further liability on the employer to pay compensation on account of injury or death. To the extent of the recovery of damages against the other party, the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of injury or death. If the employee who recovers damages is receiving or entitled to receive compensation for permanent total disability, then the employer shall be entitled to reimbursement for the amount of compensation theretofore paid . . . .

Ala. Code § 25-5-11(a) (1975) (ellipsis supplied).

The Eleventh Circuit has stated that,

> [a]bsent an express statutory grant of right to intervene, intervention as of right is appropriate whenever a "timely" applicant, having a direct, substantial and legally protectible interest in the subject matter of the suit, demonstrates that his ability to protect that interest may "as a practical matter" be affected by the litigation and that his interest may not be represented adequately by existing parties.

*Meek v. Metropolitan Dade County*, 985 F.2d 1471, 1477 (11th Cir. 1993) (citing Fed. R. Civ. P. 24(a); *Federal Savings & Loan Insurance Corp. v. Falls Chase Special Taxing District*, 983 F.2d 211, 215 (11th Cir. 1993); *ManaSota-88, Inc. v. Tidwell*, 896 F.2d 1318, 1321 (11th Cir. 1990); and *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)) (alteration supplied).

The Petition for Intervention is timely, as it was filed less than six months after

the filing of plaintiff's complaint, and six months before the close of discovery.[8]  *See Chiles*, 865 F.2d at 1213 ("We believe that the . . . motion to intervene was timely. It was filed only seven months after [the filing of the] original complaint, . . . and before any discovery had begun.") (ellipses and alteration supplied).  Moreover, the financial interests of SCA and Phoenix are heavily implicated in this litigation; and, if the Petition for Intervention was denied, they would be impeded from protecting such interests.  Finally, no party currently named in the action would adequately represent their interests.  Accordingly, this court finds that SCA Tissue North America, L.L.C., and The Phoenix Insurance Company, may intervene as a matter of right under Rule 24(a), and the Petition for Intervention is GRANTED.  This conditional intervention does not include the right to participate in motions for summary judgment or trial on the merits.

     **DONE** and **ORDERED** this 7th day of March, 2016.

_____
United States District Judge

---

[8] *See* doc. no. 27 (Scheduling Order).